**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomason Wilson, | No. CV-18-08108-PHX-DGC (ESW) |
| Movant/Defendant, | No. CR-04-01264-PCT-DGC |
| vs. | |
| United States of America, | **ORDER** |
| Respondent/Plaintiff. | |

Pursuant to 28 U.S.C. § 2255, Thomason Wilson moves to vacate his sentence for use of a firearm in a crime of violence. Doc. 27. Judge Willett has issued a report recommending that the motion be granted ("R&R"). Doc. 42. The government objects. Doc. 43. For reasons stated below, the Court will accept the R&R, grant Wilson's motion, and set a resentencing hearing on Wilson's conviction for second-degree murder.

**I.    Background.**

In March 2005, a jury convicted Wilson of second-degree murder in violation of 18 U.S.C. § 1111 (count one) and use of a firearm in a crime of violence in violation of 18 U.S.C. § 924(c) (count two). Case No. CR-04-01264, Doc. 29. Wilson was sentenced to a 135-month prison term on the murder conviction and a consecutive 120-month term on the § 924(c) conviction. Doc. 52. The Ninth Circuit affirmed the convictions and sentences. Doc. 69.

Wilson filed a pro se motion to vacate his sentence on the § 924(c) conviction in May 2018. Doc. 1, Case No. CV-18-08108. He filed a second amended motion through appointed counsel in August 2019, arguing that the predicate crime of second-degree murder is no longer a "crime of violence" for purposes of § 924(c). Doc. 27 at 3-5 (citing *United States v. Davis*, 139 S. Ct. 2319, 2323 (2019) (holding that the residual clause in § 924(c)(3)(B) is unconstitutionally vague)); *see also United States v. Begay*, 934 F.3d 1033, 1041 (9th Cir. 2019) ("Second-degree murder is not categorically a crime of violence under the elements clause, 18 U.S.C. § 924(c)(3)(A). And, pursuant to *Davis*, second-degree murder cannot constitute a crime of violence under the residual clause, section 924(c)(3)(B)[.]").

In August 2019, Judge Willett granted Wilson's motion to lift the stay that had been imposed pending the Ninth Circuit's decision in *Begay*, and required the government to file a response to Wilson's § 2255 motion. Doc. 26 at 1-2. The government moved for a stay of Judge Willett's order pending an *en banc* decision in *United States v. Orona*, 923 F.3d 1197 (9th Cir. 2019), and any further proceedings in *Begay*. Doc. 29 at 2. The government asserted that the *en banc* panel in *Orona* will "address the same issue posed in *Begay* – whether a crime of violence can be committed recklessly, in light of the United States Supreme Court's decision [in] *Voisine v. United States*, 136 S. Ct. 2272 (2016)." *Id.* Judge Willett recommended that the motion to stay be denied, finding it significant that Wilson may be released from prison if his § 924(c) conviction is vacated because he completed his sentence for second-degree murder in early 2014 and had served more than five years of the § 924(c) sentence. Doc. 30 at 2-3 (citing *United States v. Carcamo*, No. CR 08-0730 WHA, 2016 WL 5897735, at *1 (N.D. Cal. Oct. 11, 2016) (denying stay "in light of the fact that defendant could possibly be sentenced to time served if his 2255 motion is granted")).[1] Judge Willett concluded that

---

[1] Wilson presently is confined at the United States Penitentiary-McCreary. His projected release date is March 10, 2024. *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited

staying this matter pending completion of further proceedings in *Orona* and *Begay* would be unduly prejudicial to Wilson. *Id.* at 3. The government objected. Doc. 31.

The Court agreed with Judge Willett, noting that "[a]lthough rehearing rulings in *Orona* and *Begay* may be instructive on the legal issue at the heart of Wilson's motion to vacate his § 924(c) sentence, it is not reasonable to conclude that the rulings will be issued 'in the very near term.'" Doc. 35 at 4 (quoting Doc. 31 at 3). The Court found that the prejudice to Wilson from a stay was not outweighed by the interests of judicial economy or the government's desire to delay filing a response to Wilson's § 2255 motion. *Id.* The Court accepted Judge Willett's recommendation and denied the government's motion to stay. *Id.* at 5. The government filed a response to Wilson's § 2255 motion on April 22, 2020, and Wilson filed a reply one month later. Docs. 38, 41.

**II.  Judge Willett's R&R (Doc. 42).**

Judge Willett recommends that Wilson's motion be granted because the government does not dispute that his § 924(c) conviction predicated on second-degree murder is invalid under *Begay*. Doc. 42 at 4-5. Judge Willett rejected the government's argument that a ruling on Wilson's motion should await the Supreme Court's decision in *United States v. Borden*, 769 F. App'x 266 (6th Cir. 2019), *cert. granted*, No. 19-5410, 2020 WL 981806 (U.S. Mar. 2, 2020), and recommends that the government's renewed request for a stay be denied. *Id.*[2]

**III.  Standard of Review.**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.

---

Sept. 29, 2020).

[2] The question presented in *Borden* is whether the "force clause" in 18 U.S.C. § 924(e)(2)(B)(i) encompasses crimes with a mens rea of mere recklessness. *Borden*, No. 19-5410, https://www.supremecourt.gov/qp/19-05410qp.pdf (last visited Sept. 29, 2020).

2003) (en banc).  The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection."  *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

**IV.   The Government's Objection.**

The government does not object to Judge Willett's conclusion that Wilson's "§ 924(c) conviction is invalid under current, binding Ninth Circuit precedent."  Doc. 41 at 5 (citing *Begay*, 934 F.3d at 1041 (holding that the movant's § 924(c) conviction predicated on second-degree murder "cannot stand under either the elements clause or residual clause of § 924(c)(3)")).  The government notes that the Supreme Court set oral argument in *Borden* for November 3, 2020, arguing that "[w]hile there will still be some time between oral argument and when the Supreme Court issues its ruling in *Borden*, the relatively brief delay would not constitute an 'indefinite, potentially lengthy stay in a habeas case' and as such is distinguishable from *Yong v. INS*, 208 F.3d 1116, 1120 (9th Cir. 2000))."  Doc. 43 at 2-3.  But it is not clear that the delay between oral argument and the decision in *Borden* will be "relatively brief."  The Supreme Court may not issue a decision until June 2021, and, if the case is heard with only eight members on the Court, it is conceivable that the case could be held over for additional argument once the Court is at full strength.  As Judge Willett also noted, additional delay could occur while awaiting further decisions in *Orona* and *Begay* once *Borden* is decided.  Doc. 42 at 5.

Because Wilson already has served more than six years of his § 924(c) sentence, further delay in ruling on his § 2255 would be unduly prejudicial.  The Court accordingly will accept Judge Willett's recommendation that the government's renewed request for a stay be denied and that Wilson's § 2255 motion be granted.  *See id.*

The government argues that if Wilson's motion were to be granted, he should "be resentenced because at that point the sentence package would be unbundled[.]"  Doc. 43 at 3 (citing *United States v. Avila-Anguiano*, 609 F.3d 1046, 1049 (9th Cir. 2005) ("When a defendant is sentenced to multiple counts and one of them is later vacated on appeal, the sentence package becomes unbundled.  The district court then has the authority to put

4

together a new package reflecting its considered judgment as to the punishment the defendant deserved for the crimes of which he was still convicted."). The Court concludes that resentencing on the second-degree murder conviction is appropriate. *See Davis*, 139 S. Ct. at 2336 ("When a defendant's § 924(c) conviction is invalidated, courts of appeals 'routinely' vacate the defendant's entire sentence on all counts 'so that the district court may increase the sentences for any remaining counts' if such an increase is warranted.'") (citation omitted); *Rodriguez-Rios v. United States*, No. CR-08-01442-004-SRB, 2020 WL 289504, at *2 n.7 (D. Ariz. Jan. 21, 2020) ("When a defendant is sentenced on multiple counts and one of them is later vacated, the sentencing package becomes 'unbundled,' and the district court may fashion a new package reflecting its consideration of the appropriate punishment as to the remaining counts.") (citing *United States v. Ruiz-Alvarez*, 211 F.3d 1181, 1184 (9th Cir. 2000)); *United States v. Green*, No. 2:04-CR-00233, 2020 WL 4034834, at *8 (W.D. Pa. July 17, 2020) ("A defendant's entire sentence merits review under the sentencing package doctrine if the sentencing court viewed the original sentence as a package. When one such component is set aside, or 'unbundled,' the Court has the authority to recalculate the sentence.") (citations omitted).

**IT IS ORDERED:**

1. Judge Willett's R&R (Doc. 42) is **accepted**.

2. The government's renewed request for a stay (Doc. 43 at 1-2) is **denied**.

3. Wilson's § 2255 motion to vacate sentence (Doc. 27) is **granted**.

4. Wilson's conviction and sentence for use of a firearm in a crime of violence under § 924(c) (Case No. CR-04-01264, Docs. 29, 52) are **vacated**.

5. The Court will resentence Wilson on his second-degree murder conviction. The sentencing hearing will be set by separate order.

Dated this 1st day of October, 2020.

*David G. Campbell*
David G. Campbell
Senior United States District Judge